**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION**

| | |
|---|---|
| James Parks, <br><br> Plaintiff, <br><br> v. <br><br> Resurgent Capital Services, LP <br><br> And <br><br> TrueAccord Corp., <br><br> Defendants. | Case No. <br><br><br> **COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT, THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT AND OTHER EQUITABLE RELIEF** <br><br> **JURY TRIAL DEMANDED** |

## PARTIES

1. Plaintiff, James Parks ("James") is a natural person who resided in Mechanicsburg, Illinois, at all times relevant to this action.

2. Defendant, Resurgent Capital Services, LP ("RCS"), is a Delaware limited partnership that maintained its principal place of business in Greenville, South Carolina, at all times relevant to this action.

3. Defendant, TrueAccord Corp. ("TrueAccord"), is a Delaware corporation that maintained its principal place of business in Lenexa, Kansas, at all times relevant to this action.

## JURISDICTION AND VENUE

4. Pursuant to 28 U.S.C. §1331, this Court has federal question jurisdiction over this matter as it arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq.

5. Pursuant to 28 U.S.C. §1367(a), the Court also has Supplemental Jurisdiction over Plaintiff's claims under the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"),

815 ILCS 505/1 *et seq.,* because they share a common nucleus of operative fact with Plaintiff's claims under the FDCPA.

6. Pursuant to 28 U.S.C. § 1391(b), venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

## STATEMENT OF FACTS

7. At all times relevant to this action, RCS and TrueAccord ("Defendants" collectively) collected consumer debts.

8. Defendants regularly use instrumentalities of interstate commerce and the mails to collect consumer debts owed or due or asserted to be owed or due another.

9. The principal source of Defendants' revenue is debt collection.

10. Defendants are "debt collectors" as defined by 15 U.S.C. § 1692a(6).

11. At all relevant times, Defendants were engaged in "trade" and "commerce" as defined by 815 ILCS 505/1(f).

12. As described, *infra*, Defendants contacted James to collect a debt that was incurred primarily for personal, family, or household purposes.

13. This alleged obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

14. James is a "consumer" as defined by 15 U.S.C. § 1692a(3).

15. Years ago, James incurred a debt with Viasat.

16. On information and belief, Viasat made a billing error and sought to collect more money that James owed ("Fabricated Debt").

17. James spent considerable time communicating with Viasat and, on February 4, 2021, Viasat confirmed the error, apologized to James, indicated that James was current on his account, removed the Fabricated Debt and set James's balance to $0.

18. Despite James not owing Viasat any money, in late 2022, Defendants, acting in concert, both began attempting to collect the Fabricated Debt from James.

19. During their collection efforts, Defendants improperly disclosed this debt to each other and to others.

20. Because it was false and concerned a debt, all communication between Defendants and the current owner of the account violated the FDCPA.

21. Defendants' conduct, and the conduct of the purchaser of the account, constituted libel.

22. Upon receipt of Defendants' demand for payment, James notified Defendants that there was an error and provided Defendants with proof from Viasat that the debt was not owed.

23. Despite receiving this proof, for weeks, Defendants continued to attempt to collect the debt from James.

24. Although seemingly working in concert, during collection of the debt, Defendants' communications regularly contradicted each other.

25. It is the policy and procedure of RCS and TrueAccord to work in conjunction to collect debt owed to their clients without setting up reasonable cross-checks and/or communication avenues between the two Defendants.

26. Defendants followed that policy and procedure, here, which allowed for conflicting inaccurate information to be shared, incorrect data to be displayed, and caused the needless harassment of James.

27. As a result of Defendants' policies and procedure, James received multiple conflicting and/or false communications from TrueAccord and RCS.

28. For example, in response to James' dispute of the debt, James received multiple letters from RCS claiming that it validated the debt and simultaneous communications from TrueAccord

indicating that the debt was not yet validated, but rather, TrueAccord was still investigating James' dispute.

29. In one telephone conversation with TrueAccord, TrueAccord refuted RCS's claims that RCS had validated the account and, instead, TrueAccord indicated the dispute was still pending.

30. TrueAccord also shows the Fabricated Debt in a "disputed" status on their website.

31. During this same time period, RCS sent James multiple letters purportedly validating the debt and demanding payment.

32. On information and belief, RCS did not properly investigate James's dispute and did not validate the debt, as proclaimed, with Viasat.

33. It is impossible that the statements made by TrueAccord and RCS were both accurate.

34. As a result of Defendants' conduct, James suffered concrete harm in the form of emotional distress that manifested physically though an increase in James's body temperature, intense perspiration, tachycardia, and mild insomnia.

35. James also suffered concrete harm by Defendants' defamatory statements and communications and by losing significant time objecting to Defendants' violations of Federal Law and false statements.

36. Defendants' violations of the FDCPA also caused James to waste hours consuming considerable debt related digital content on the internet which clogged James' computer's Random Access Memory (RAM), added undesirable and unavoidable cookies to his internet browser, caused him to incur additional out of pocket energy expenses to power his computer, forced him to incur higher than usual internet bandwidth usages, consumed storage within his email program, all which increased his carbon footprint on Earth.

37. James was also forced to spend considerable time once again communicating with Viasat to confirm that Defendants were collecting a debt that James did not owe.

38. The time James was forced to spend on Defendants' false assertions reduced James' ability to engage in other professional endeavors.

39. Defendants' collection efforts also intruded upon James' privacy.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

40. Plaintiff re-alleges and incorporates by reference Paragraphs 7 through 39 above as if fully set forth herein.

41. Defendants violated 15 U.S.C. § 1692c(b) by communicating with a third party in connection with the collection of the debt without Plaintiff's consent.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

42. Plaintiff re-alleges and incorporates by reference Paragraphs 7 through 39 above as if fully set forth herein.

43. In order to establish a violation of Section 1692d of the FDCPA, a consumer need not prove intentional conduct by the debt collector. *See Ellis v. Solomon & Solomon, P.C.*, 591 F.3d 130, 135 (2nd Cir. 2010); *Horkey v. J.V.D.B. & Assocs., Inc.*, 333 F.3d 769, 774 (7th Cir. 2013) ("[Plaintiff] points to no evidence in the record regarding [Defendant's] intent, which is just as well, because intent is irrelevant" in a § 1692d claim).

44. "Instead, applying an objective standard, as measured by the 'least sophisticated consumer,' the consumer need only show that the likely effect of the debt collector's communication or

conduct could be construed as harassment, oppression or abuse." *See Lee v. Credit Mgmt., LP*, 846 F. Supp. 2d 716, 721 (S.D. Tex. 2012).

45. The likely effect of Defendants' debt collection efforts, as measured by the "least sophisticated consumer" standard, was "to harass, oppress, or abuse" Plaintiff.

46. Defendants violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of the debt.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

47. Plaintiff re-alleges and incorporates by reference Paragraphs 7 through 39 above as if fully set forth herein.

48. A debt collector's intent to violate the FDCPA may be inferred by its maintenance of policies and procedures which, in themselves, violate the FDCPA. *See Anchondo v. Anderson, Crenshaw & Associates, L.L.C.,* 256 F.R.D. 661, 671 (D.N.M. 2009); s*ee also Kromelbein v. Envision Payment Sol., Inc.*, 2013 WL 3947109, *7 (M.D. Penn. Aug. 1, 2013)("company policy can be just as much a violation of [FDCPA] as the rogue act of an individual employee. If anything, a company policy that violates the FDCPA is a more egregious transgression because it indicates endemic, rather than isolated, disregard for debtor rights."); *citing Edwards v. Niagara Credit Sol., Inc.*, 586 F. Supp. 2d 1346, 1354 (N.D. Ga. 2008) (awarding maximum damages in part because conduct was company policy, thereby making it routine and frequent).

49. Defendants' policies and procedures, as described, *supra*, constitutes "conduct the natural consequence of which is to harass, oppress, or abuse" consumers.

50. Defendants' practice, therefore, violates Section 1692d of the FDCPA, which provides:

> A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

See 15 U.S.C. §1692d.

51. Because Defendants' practices, in themselves, violate the FDCPA, it reflects an intent to harass consumers generally.

52. Defendants' policies and procedures violated 15 U.S.C. § 1692d.

### COUNT FOUR

### Violation of the Fair Debt Collection Practices Act

53. Plaintiff re-alleges and incorporates by reference Paragraphs 7 through 39 above as if fully set forth herein.

54. Defendants violated 15 U.S.C. § 1692e by using false, deceptive, or misleading representations or means in connection with the collection of the debt.

### COUNT FIVE

### Violation of the Fair Debt Collection Practices Act

55. Plaintiff re-alleges and incorporates by reference Paragraphs 7 through 39 above as if fully set forth herein.

56. Defendants violated 15 U.S.C. § 1692f by using unfair or unconscionable means to collect the debt.

### COUNT SIX

### Violation of the Fair Debt Collection Practices Act

57. Plaintiff re-alleges and incorporates by reference Paragraphs 7 through 39 above as if fully set forth herein.

58. Defendants violated 15 U.S.C. § 1692g by continuing its efforts to collect the debt without first validating the debt pursuant to Plaintiff's written request.

## COUNT SEVEN

## Violation of the Illinois Consumer Fraud and Deceptive Business Practices Act

59. Plaintiff re-alleges and incorporates by reference Paragraphs 7 through 39.

60. The ICFA states:

> "Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby." 815 ILCS 505/2.

61. Defendants violated 815 ILCS 505/2 through the unfair and deceptive nature of its conduct in relation to Plaintiff.

62. The ICFA was designed to protect consumers, such as Plaintiff, from the exact behavior committed by Defendants.

63. The ICFA further states:

> "Any person who suffers actual damage as a result of a violation of this Act committed by any other person may bring an action against such person. The court, in its discretion may award actual economic damages or any other relief which the court deems proper." 815 ILCS 505/10a.

64. Plaintiff has suffered significant actual damages resulting from Defendants' unlawful practices, including both out of pocket expenses, as well as emotional pain and suffering, and damage to his reputation and privacy.

## JURY DEMAND

65. Plaintiff demands a trial by jury.

**PRAYER FOR RELIEF**

66. Plaintiff prays for the following relief:

    a. Judgment against each Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

    b. Judgment against each Defendant for actual and punitive damages as provided under 815 ILCS 505/10a(a).

    c. Judgment against each Defendant for costs and reasonable attorney fees as provided under 815 ILCS 505/10a(c).

    d. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Date:   December 12, 2022

By: /s/ Jeffrey S. Hyslip
Jeffrey S. Hyslip, Esq.
Hyslip Legal, LLC
207 S. Harrison Street, Suite A
Algonquin, IL 60102
Phone: 614-362-3322
Email: jeffrey@hysliplegal.com

*Attorney for Plaintiff*